**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Christine M. Arguello**

Civil Action No. 11-cv-01386-CMA

JOJO HAMLIN,

      Applicant,

v.

ARISTEDES W. ZAVARAS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

**ORDER TO DISMISS IN PART AND FOR ANSWER**
**AND FOR STATE COURT RECORD**

---

Applicant JoJo Hamlin is in the custody of the Colorado Department of

Corrections (DOC) and currently is incarcerated at the Bent County Correctional Facility

in Las Animas, Colorado.  Mr. Hamlin, acting *pro se*, initiated this action by submitting

to the Court an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.

Mr. Hamlin is challenging the validity of his conviction and sentence in Case

No. 03CR1377 in the Denver District Court.

The Court must construe liberally the Application filed by Mr. Hamlin because he

is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not

act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

## I.  BACKGROUND AND STATE COURT PROCEEDINGS

Mr. Hamlin asserts that he was convicted by a trial jury of second degree assault and was sentenced to sixteen years of incarceration in the DOC and three years of parole.  Mr. Hamlin appealed his conviction.  The Colorado Court of Appeals (CCA) affirmed the conviction on March 6, 2008, and on July 14, 2008, the Colorado Supreme Court (CSC) denied Mr. Hamlin's petition for certiorari review.  Mr. Hamlin then filed a Colo. R. Crim. P. 35(a) postconviction motion, which the trial court denied on December 10, 2008.  Subsequently, on March 23, 2009, Mr. Hamlin filed a Colo. R. Crim. P. 35(c) postconviction motion.  The trial court denied the motion, the CCA affirmed the denial, and the CSC denied Mr. Hamlin's petition for certiorari review on December 6, 2010. Mr. Hamlin filed a second Rule 35(c) postconviction motion on February 1, 2011, The trial court denied the motion on February 10, 2011, but Mr. Hamlin did not appeal the denial.

Mr. Hamlin then submitted an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 to this Court on May 25, 2011.  Mr. Hamlin asserts six claims in the Application, including: (1) trial court error in improperly applying Colo. Rev. Stat. § 18-1.3-406(1)(a) to his sentence; (2) trial court error in not granting a motion for mistrial or permitting evidence of an inconsistent statement by a State witness; (3) trial court error in allowing the complicity theory; (4) *Apprendi/Blakely* violation; (5) DOC's misapplication of Mr. Hamlin's presentence confinement credit; and (6) erroneous jury instruction regarding complicity theory.

On June 8, 2011, Magistrate Judge Boyd N. Boland entered an order directing Respondents to file a Pre-Answer Response and address the affirmative defenses of

2

timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under

28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those

defenses.  Respondents filed a Pre-Answer Response on June 28, 2011.  Mr. Hamlin

filed a Reply  on July 19, 2011.  Respondents concede in the Pre-Answer Response

that Mr. Hamlin's Application is timely and Claim Six is exhausted, but they argue that

Claims One and Five are not cognizable in this habeas action, and Claims Two, Three,

and Four are procedurally defaulted.

## II. <u>EXHAUSTION AND PROCEDURAL DEFAULT</u>

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus

may not be granted unless it appears that the applicant has exhausted state remedies

or that no adequate state remedies are available or effective to protect the applicant's

rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State*

*Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is

satisfied once the federal claim has been presented fairly to the state courts.  *See*

*Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the

federal issue be presented properly "to the highest state court, either by direct review

of the conviction or in a postconviction attack."  *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been

presented to the state courts in order to satisfy the fair presentation requirement.  *Picard*

*v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252

(10th Cir. 1989).  Although fair presentation does not require a habeas corpus petitioner

to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal

quotation marks omitted), "[i]t is not enough that all the facts necessary to support the

3

federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (*per curiam*).

"The exhaustion requirement is not one to be overlooked lightly."  *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

A federal court is strictly limited in considering issues on habeas review when a state court has deemed the issue procedurally barred.  *See Hammon v. Ward*, 466 F.3d 919, 925 (10th Cir. 2006).  A claim is precluded from federal habeas review when it has been defaulted in state court on an independent and adequate state procedural ground. *Steele v. Young*, 11 F.3d 1518, 1521 (10th Cir. 1993) (citations omitted).  "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision . . . .  For the state ground to be adequate, it must be strictly or regularly followed and applied evenhandedly to all similar claims."  *See Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998) (internal quotations and citations omitted).  "A state court remains free under [*Michigan v. Long*, 463 U.S. 1032 (1983)] to rely on a state procedural bar and thereby to foreclose federal habeas review to the extent permitted by [*Wainwright v. Sykes*, 433 U.S. 72 (1977)]."  *See Harris v. Reed*, 489 U.S. 255, 264 (1989).

Mr. Hamlin raised Claims Two, Three, and Four for the first time in his Rule 35(c) postconviction motion.  Under Colo. R. Crim. P. 35(c)(3)(VII), the claims are barred

4

in state court because the claims "could have been presented" in a prior appeal proceeding.  Relying on *Coleman v. Thompson*, 501 U.S. 722, 750 (1991), the Tenth Circuit has supported the CCA's procedural default finding and refusal to consider a claim in a Rule 35(c) postconviction motion that could have been raised on direct appeal.  *See Williams v. Broaddus*, 331 F. App'x 560, 563 (10th Cir. 2009). Furthermore, the procedural bar is based on state law and Rule 35(c)(3)(VII) has been applied uniformly and evenhandedly in Rule 35(c) postconviction motions that raise claims which could have been raised on direct appeal.  *State of Colo. v. Wilson*, --- P.3d ---, 2011 WL 2474295 (Colo. App. June 23, 2011); *State of Colo. v. Hill*, --- P.3d ---, 2011 WL 1797178 (Colo. App. May 12, 2011); *State of Colo. v. Walton*, 167 P.3d 163 (Colo. App. 2007).

Although a procedural default may be excused if Mr. Hamlin is able to show cause and actual prejudice or a fundamental miscarriage of justice, he has failed to do so based on the findings below.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice."  *Fairchild v. Workman*, 579 F.3d 1134, 1141 (10th Cir. 2009) (citing *Smith v. Workman*, 550 F.3d 1258, 1274 (10th Cir. 2008) *cert. denied* 130 S.Ct. 238 (2009); *see also Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns.  *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991).  Mr. Hamlin's *pro se* status does not exempt him from the requirement of

5

demonstrating either cause and prejudice or a fundamental miscarriage of justice.
*See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Mr. Hamlin must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]." *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). Ineffective assistance of counsel may establish cause excusing a procedural default. *Jackson*, 143 F.3d at1319. An applicant, however, must first raise an independent constitutional claim in state court before it can be used to establish cause for procedural default. *See Livingston v. Kansas*, 407 F. App'x 267, 273 (10th Cir. 2010) (citing *See Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000)); *see also, Gonzales v. Hartley*, 396 F. App'x 506, 508-09 (10th Cir. 2010).

A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). In order to demonstrate a fundamental miscarriage of justice, Mr. Hamlin first must "support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Id.* Mr. Hamlin then must demonstrate "that it is more likely

6

than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327.

In the Reply, Mr. Hamlin argues that he is able to show cause why the procedural default should be excused because (1) the doctrine of res judicata, as it relates to Rule 35(c) motions, was codified effective July 1, 2004, which was when his appeal was pending (the Court notes, however, that Mr. Hamlin did not file a notice of appeal until July 29, 2004) and he was unaware of the rule; and (2) he was unable to raise all issues on appeal because the state courts impose word limitations in opening briefs and petitions for certiorari review on appeal. Mr. Hamlin further contends he believed at the time of his appeal that any issues appellate counsel failed to raise on appeal could be raised later in a Rule 35(c) postconviction motion.

Mr. Hamlin fails to present any new reliable evidence that demonstrates he is actually innocent and that a failure to consider his claims will result in a fundamental miscarriage of justice. Mr. Hamlin also fails to show cause. Although Mr. Hamlin's ignorance of Rule 35(c)(3)(VII) and reliance on appellate counsel's instruction could be construed as an ineffective assistance of appellate counsel claim, he did not present this issue as an independent claim in state court. *See Edwards*, 529 U.S. 451-52. As a result, Claims Two, Three, and Four are procedurally barred in a federal habeas action.

### III.  INCOGNIZABLE CLAIMS

### A.    CLAIM ONE

Respondents argue that Claim One is not cognizable in a federal habeas action because Mr. Hamlin raised the issue only as a state law claim in his opening brief

7

on direct appeal.  Respondents further argue that Mr. Hamlin made only fleeting references to due process in his opening brief before the CCA regarding Colorado's crime of violence statute.  Respondents also assert that the application of Colo. Rev. Stat. § 18-1.3-406 is a question of state law.

Federal habeas review is not available to reexamine state court determinations on state law questions.  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  Whether an applicant has procedurally defaulted his federal claim is a question of federal law, *see Johnson v. Cowley*, 40 F.3d 341, 344 (10th Cir. 1994), but the specificity needed is determined by controlling state law, *see Boyle v. McKune*, 544 F.3d 1132, 1136 (10th Cir. 2008).

Upon review of the opening brief on appeal of the Rule 35(c) postconviction motion, the Court finds that Mr. Hamlin did assert in his brief a violation of the Double Jeopardy Clause and of the due process clause of the U.S. Constitution based on the alleged misapplication of § 18-1.3-406.  *See* Pre-Answer Resp., Ex. F at 5.  A claim must be more than a cryptic reference to a constitutional wrong.  *See Welch v. Milyard, et al.*, No. 11-1214, 2011 WL 3625058 (10th Cir. Aug. 18, 2011) (citing *Manka v. Martin*, 614 P.2d 875, 878 (Colo. 1980); *see also, Bethurum v. Zavaras*, 352 F. App'x 260, 262 (10th Cir. 2009), (citing *Baldwin v. Reese*, 541 U.S. 27, 32 (2004) (A claim is not fairly presented to the state court if the "court must read beyond a petition or brief (or similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so.")  Here, although Mr. Hamlin has only raised the due process issue in this action, the issue was presented to the CCA in Mr. Hamlin's opening brief in more than just a cryptic or fleeting

reference to a constitutional wrong.  The issue was fairly presented to the CCA, and the CCA would be expected to address the merits of the issue.

**B.    CLAIM FIVE**

Respondents also argue that Claim Five is not cognizable in this habeas action because the execution of a sentence is governed by 28 U.S.C. § 2241.  In his Reply, Mr. Hamlin confirms that he is challenging the DOC's misapplication of the presentence confinement credit granted by the sentencing court.  He, therefore, is challenging the execution of his sentence, and his claim more properly is raised in a 28 U.S.C. § 2241 action.  *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir 2000).  Mr. Hamlin requests that if the Court finds the only remedy for this claim is in a § 2241 action the claim be amended to provide such a remedy.  Amendment of Claim Five in this action will not remedy the finding that Claim Five should not be raised in this action but in a separate § 2241 action.  The Court, therefore, will dismiss Claim Two without prejudice so that Mr. Hamlin may raise the claim in a proper § 2241 action.

## IV.  CONCLUSION

Based on the above findings, the Court will dismiss Claim Five as improperly asserted in a 28 U.S.C. § 2254 habeas action and Claims Two, Three, and Four as procedurally barred.  Accordingly, it is

ORDERED that Claims Two, Three, and Four are procedurally barred from federal habeas review and are dismissed with prejudice.  It is

FURTHER ORDERED that Claim Five is improperly raised in this action and is dismissed without prejudice.  It is

FURTHER ORDERED that within thirty days Respondents are directed to file an Answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of Claims One and Six.  It is

FURTHER ORDERED that within thirty days of the filing of the Answer Applicant may file a reply, if he desires.  It is

FURTHER ORDERED that Mr. Hamlin's "Motion Requesting Liberalcy [sic]," Doc. No. 9, is denied as unnecessary.  It is

FURTHER ORDERED that within thirty days from the date of this Order the Respondents shall file with the Clerk of the Court, in electronic format if available, a copy of the complete record of Mr. Hamlin's state court proceedings in Case No. 03Cr1377, including all documents in the state court file and transcripts of all proceedings conducted in the state court, but excluding any physical evidence (as opposed to documentary evidence) not relevant to the asserted claims.  It is

FURTHER ORDERED that the Clerk of the Court is directed to send copies of this Order to the following:

(1)     Clerk of the Court
        Denver County District Court
        Room #256
        1437 Bannock Street
        Denver, Colorado 80202;

(2)     Assistant Solicitor General
        Appellate Division
        Office of the Attorney General
        1525 Sherman Street
        Denver, Colorado  80203; and

10

(3)     Court Services Manager
        State Court Administrator's Office
        101 W. Colfax, Ste. 500
        Denver, Colorado  80202

DATED at Denver, Colorado, this __2nd__ day of September, 2011.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

11