**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Christine M. Arguello**

Civil Action No. 11-cv-01386-CMA

JOJO HAMLIN,

      Applicant,

v.

ARISTEDES W. ZAVARAS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## ORDER DENYING PETITION FOR HABEAS CORPUS

---

The matter before the Court is an Application for a Writ of Habeas Corpus

Pursuant to 28 U.S.C. § 2254 (Doc. # 1).  The Court has determined it can resolve the

Application without a hearing.  *See* 28 U.S.C. § 2254(e)(2); Fed. R. Governing Section

2254 Cases 8(a).

## I. <u>BACKGROUND</u>

On April 5, 2004, in Denver District Court Case No. 03CR1377 a jury found

Applicant guilty of second degree assault.  *See* Pre-Answer Resp., Ex. I (Doc. # 7-9)

at 3-4.  On direct appeal of Applicant's conviction, the Colorado Court of Appeals

("CCA") summarized the underlying facts and proceedings as follows:

> Defendant assisted Sheldon Elie during a drug transaction with
> two men, Aaron Bellamy and Shane Church.  After a disagreement
> developed, defendant drove the group to a location where Bellamy and
> Church were shot.  Bellamy survived his injuries, but Church did not.

Elie was charged with the murder of Church and the assault and attempted murder of Bellamy.  Defendant faced the same charges on a theory of complicitor liability.

A jury acquitted Elie of murder and convicted him of attempted murder, assault, and menacing.  The convictions were upheld on appeal. *People v. Elie*, 148 P.3d 359, 367 (Colo. App. 2006).

Defendant was tried separately.  Bellamy testified for the prosecution, and defendant testified on his own behalf.  Elie did not testify, but his out-of-court statements were introduced by both parties.  At the conclusion of the trial, the jury acquitted defendant of murder and attempted murder but convicted him of second degree assault.

*People v. Hamlin*, No. 04CA1503, 1-2 (Colo. App. Mar. 6, 2008) (unpublished).

Applicant was sentenced on June 18, 2004, to sixteen years of incarceration plus three years of parole.  Pre-Answer Resp., Ex. I at 2.  On direct appeal, the CCA rejected all of Applicant's claims, *Hamlin*, No. 04CA1503, and the Colorado Supreme Court ("CSC") denied his petition for certiorari review, *People v. Hamlin*, No. 08SC312 (Colo. July 14, 2008).

Applicant file a motion for sentence reconsideration on November 3, 2008, that the trial court denied on December 10, 2008.  *See* Pre-Answer Resp., Ex. I at 1. Applicant then filed a Colo. R. Crim. P. 35(c) postconviction motion on March 23, 2009. *Id.*  The trial court denied the Rule 35(c) motion, the CCA affirmed the denial, and the CSC denied certiorari review.  *Id.*  Applicant filed a Colo. R. Crim. P. 35(a) postconviction motion on February 1, 2011.  *Id.*  The district court denied the postconviction motion, and Applicant failed to appeal.  *Id.*

## II. <u>HABEAS CLAIMS</u>

Applicant, acting *pro se*, filed this Application on May 25, 2011.  He asserted six claims in the Application, including:  (1) trial court error in improperly applying Colo. Rev. Stat. § 18-1.3-406(1)(a) to his sentence; (2) trial court error in not granting a motion for mistrial or permitting evidence of an inconsistent statement by a State witness; (3) trial court error in allowing the complicity theory; (4) *Apprendi/Blakely* violation; (5) DOC's misapplication of Applicant's presentence confinement credit; and (6) erroneous jury instruction regarding complicity theory.

On June 8, 2011, Magistrate Judge Boyd N. Boland entered an order directing Respondents to file a Pre-Answer Response and address the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intended to raise either or both of those defenses.  Respondents filed a Pre-Answer Response on June 28, 2011.  Applicant filed a Reply on July 19, 2011.  Respondents conceded in the Pre-Answer Response that the Application is timely and Claim Six is exhausted, but they argued that Claims One and Five are not cognizable in this habeas action, and Claims Two, Three, and Four are procedurally defaulted.

This Court reviewed the Application, Pre-Answer Response, and Reply and determined that Claims Two, Three, and Four are procedurally barred and Claim Five is improperly raised in this action.  Claims Two through Five were dismissed.  The two remaining claims for relief include:

Claim One-trial court error in improperly applying Colo. Rev. Stat. § 18-1.3-406(1)(a); and

Claim Six-erroneous jury instruction regarding the complicity theory.

### III.  LEGAL STANDARDS

**A.   *PRO SE* STANDARD OF REVIEW**

Applicant is proceeding *pro se.*  The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."  *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  A court may not assume that an applicant can prove facts that have not been alleged, or that a respondent has violated laws in ways that an applicant has not alleged.  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  An applicant's pro se status does not entitle him to an application of different rules.  *See Montoya v. Chao*, 296 F.3d 952, 958 (10th Cir. 2002).

**B.   28 U.S.C. § 2254**

Section 2254(d) provides that a writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court, unless the state court adjudication:

4

> (1)  resulted in a decision that was contrary to, or involved an unreason-
> able application of, clearly established Federal law, as determined by the
> Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determi-
> nation of the facts in light of the evidence presented in the State court
> proceeding.

28 U.S.C. § 2254(d).

The Court reviews claims of legal error and mixed questions of law and fact

pursuant to 28 U.S.C. § 2254(d)(1).  *See Cook v. McKune*, 323 F.3d 825, 830 (10th Cir.

2003).  The threshold question pursuant to § 2254(d)(1) is whether Applicant seeks to

apply a rule of law that was clearly established by the Supreme Court at the time his

conviction became final.  *See Williams v. Taylor*, 529 U.S. 362, 390 (2000).  The "review

under § 2254(d)(1) is limited to the record that was before the state court that

adjudicated the prisoner's claim on the merits."  *Cullen v. Pinholster*, ---- U.S. ----, 131

S. Ct. 1388, 1398 (2011).  "Finality occurs when direct state appeals have been

exhausted and a petition for writ of certiorari from this Court has become time barred or

has been disposed of."  *Greene v. Fisher*, ---- U. S. ----, 132 S.Ct. 38, 44 (2011) (citing

*Griffith v. Kentucky*, 479 U.S. 314, 321, n. 6 (1987).

Clearly established federal law "refers to the holdings, as opposed to the dicta,

of [the Supreme] Court's decisions as of the time of the relevant state-court decision."

*Williams*, 529 U.S. at 412.  Furthermore,

> clearly established law consists of Supreme Court holdings in cases where
> the facts are at least closely-related or similar to the case *sub judice*.
> Although the legal rule at issue need not have had its genesis in the

closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context.

*House v. Hatch*, 527 F.3d 1010, 1016 (10th Cir. 2008).

If there is no clearly established federal law, that is the end of the Court's inquiry pursuant to § 2254(d)(1).  *See id.* at 1018.  If a clearly established rule of federal law is implicated, the Court must determine whether the state court's decision was contrary to or an unreasonable application of that clearly established rule of federal law.  *See Williams*, 529 U.S. at 404-05.

> A state-court decision is contrary to clearly established federal law if: (a) "the state court applies a rule that contradicts the governing law set forth in Supreme Court cases"; or (b) "the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from [that] precedent." *Maynard* [*v. Boone*], 468 F.3d [665,] 669 [(10th Cir. 2006)] (internal quotation marks and brackets omitted) (quoting *Williams*, 529 U.S. at 405). "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'" *Williams*, 529 U.S. at 405 (citation omitted).
>
> A state court decision involves an unreasonable application of clearly established federal law when it identifies the correct governing legal rule from Supreme Court cases, but unreasonably applies it to the facts. *Id.* at 407-08.  Additionally, we have recognized that an unreasonable application may occur if the state court either unreasonably extends, or unreasonably refuses to extend, a legal principle from Supreme Court precedent to a new context where it should apply. *Carter* [*v. Ward*], 347 F.3d. [860,] 864 [10th Cir. 2003] (quoting *Valdez* [*v. Ward*, 219 F.3d [1222] 1229-30 [10th Cir. 2000]).

*House,* 527 F.3d at 1018.

The Court's inquiry pursuant to the "unreasonable application" clause is an objective one.  *See Williams*, 529 U.S. at 409-10.  "[A] federal habeas court may not

issue the writ simply because that court concludes in its independent judgment that

the relevant state-court decision applied clearly established federal law erroneously

or incorrectly.  Rather that application must also be unreasonable." *Id.* at 411.

"[A] decision is 'objectively unreasonable' when most reasonable jurists exercising their

independent judgment would conclude the state court misapplied Supreme Court law."

*Maynard*, 468 F.3d at 671.  In addition,

> evaluating whether a rule application was unreasonable requires con-
> sidering the rule's specificity.  The more general the rule, the more leeway
> courts have in reaching outcomes in case-by-case determinations. [I]t is
> not an unreasonable application of clearly established Federal law for a
> state court to decline to apply a specific legal rule that has not been
> squarely established by [the Supreme] Court.

*Harrington v. Richter*,  --- U.S. ---, 131 S. Ct. 770, 786 (Jan. 19, 2011) (internal quotation

marks and citation omitted).  The Court "must determine what arguments or theories

supported or . . . could have supported[ ] the state court's decision" and then "ask

whether it is possible fairminded jurists could disagree that those arguments or theories

are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.*  "[E]ven

a strong case for relief does not mean the state court's contrary conclusion was

unreasonable." *Id.* (citation omitted).  "Section 2254(d) reflects the view that habeas

corpus is a guard against extreme malfunctions in the state criminal justice systems, not

a substitute for ordinary error correction through appeal." *Id.* (internal quotation marks

and citation omitted).

Under this standard, "only the most serious misapplications of Supreme Court

precedent will be a basis for relief under § 2254." *Maynard*, 468 F.3d at 671.

7

Furthermore,

> [a]s a condition for obtaining habeas corpus relief from a federal court,
> a state prisoner must show that the state court's ruling on the claim being
> presented in federal court was so lacking in justification that there was an
> error well understood and comprehended in existing law beyond any
> possibility for fairminded disagreement.

*Richter*, 131 S. Ct. at 786-87.

The Court reviews claims of factual errors pursuant to 28 U.S.C. § 2254(d)(2).

*See Romano v. Gibson*, 278 F.3d 1145, 1154 n. 4 (10th Cir. 2002).  Section 2254(d)(2)

allows a court to grant a writ of habeas corpus only if the state court decision was based

on an unreasonable determination of the facts in light of the evidence presented.

Pursuant to § 2254(e)(1), the Court must presume that the state court's factual

determinations are correct, *see Sumner v. Mata*, 455 U.S. 591, 592-93 (1982), and

Applicant bears the burden of rebutting the presumption by clear and convincing

evidence, *see Houchin v. Zavaras*, 107 F.3d 1465, 1470 (10th Cir. 1997).  "The

standard is demanding but not insatiable . . . [because] '[d]eference does not by

definition preclude relief.' "  *Miller-El  v. Dretke*, 545 U.S. 231, 240 (2005) (quoting

*Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)).

A claim, however, may be adjudicated on the merits in state court even in the

absence of a statement of reasons by the state court for rejecting the claim.  *Richter*,

131 S. Ct. at 784.  ("[D]etermining whether a state court's decision resulted from an

unreasonable legal or factual conclusion does not require that there be an opinion from

the state court explaining the state court's reasoning").  Furthermore, "[w]hen a federal

claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id.* at 784-85.

In other words, the Court "owe[s] deference to the state court's result, even if its reasoning is not expressly stated." *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999). Therefore, the Court "must uphold the state court's summary decision unless [its] independent review of the record and pertinent federal law persuades [it] that [the] result contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented." *Id.* at 1178. "This 'independent review' should be distinguished from a full de novo review of the [applicant's] claims." *Id.* (citation omitted). Likewise, the Court applies the AEDPA (Antiterrorism and Effective Death Penalty Act) deferential standard of review when a state court adjudicates a federal issue relying solely on a state standard that is at least as favorable to the applicant as the federal standard. *See Harris v. Poppell*, 411 F.3d 1189, 1196 (10th Cir. 2005). If a claim was not adjudicated on the merits in state court, and if the claim also is not procedurally barred, the Court must review the claim *de novo* and the deferential standards of § 2254(d) do not apply. *See Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004).

## IV. <u>ANALYSIS</u>

### A. CLAIM ONE

Applicant asserts in Claim One that the trial court erred in not enforcing the remedy under Colo. Rev. Stat. § 18-1.3-406(1)(a). Application at 7. Applicant contends that under § 18-1.3-406(1)(a) the DOC is required to evaluate him regarding his violent behavior and submit the report to the trial court within ninety days after his commitment, which did not happen in his case. Applicant further contends that the trial court may consider this report to modify a sentence in "exceptional" and "unusual and extenuating circumstances." Application at 7-8. Applicant concludes that he is serving an illegal sentence and his due process and equal protection rights have been violated.

Applicant also asserts in Claim One that pursuant to § 18-1.3-406(6) the jury was required to make a specific finding of guilt as to the crime of violence and because his sentence was above the maximum presumptive range there were elements only the jury could determine to enhance his sentence. Application at 8. He further contends that no proof existed to find him guilty of complicity liability. *Id.* at 9. Finally, Applicant asserts that the crime of violence and extraordinary risk sentence enhancers do not apply to complicitors. *Id.* at 8-9.

Respondents argue that Applicant's evaluation claim is procedurally defaulted. Answer (Doc. # 14) at 16-17. Respondents also argue that Applicant's complicity claim lacks merit as a matter of state law and is not cognizable in a habeas corpus proceeding. Answer at 19.

1.   Evaluation

With respect to the evaluation claim, the CCA found as follows:

> As a part of his second sentencing claim, Hamlin argued that his sentence was "illegal" because the Department of Corrections (DOC) failed to conduct and transmit a violent offender report.

> It is true that DOC is required to transmit, within ninety days of an offender's placement in DOC, an evaluation of a violent offender.  *See* § 18-1.3-406(1)(a), C.R.S. 2009.  But we conclude that Hamlin's claim is not the proper subject matter for a Crim. P. 35(c) motion.

> Rather, it is properly characterized as either (1) a claim that the sentence was imposed in an illegal manner under Crim. P. 35(a), or (2) a request for a sentence reduction under Crim. P. 35(b).  *Cf. People v. Collier*, 151 P.3d 668, 673 (Colo. App. 2006) (claim that defendant was not given complete sex offender evaluation prior to sentencing was not appropriate subject matter for Crim. P. 35(c) motion because it was a claim that sentence was imposed in an illegal manner).

> We need not decide which provision applies because, either way, the claim is time barred.  *See* Crim. P. 35(a), (b) (imposing 120-day deadline for claims that a sentence was imposed in an illegal manner and requests for sentence reduction).

*People v. Hamlin*, No. 09CA1836, 4-5 (Colo. App. Aug. 19, 2010).

"[S]tate-court procedural default . . . is an affirmative defense," and the state is "obligated to raise procedural default as a defense or lose the right to assert the defense thereafter."  *See Gray v. Netherland*, 518 U.S. 152, 165-66 (1996).  In the Order to File Pre-Answer Response, the Court instructed Respondents to address the affirmative defense of exhaustion of state court remedies.  The Court also directed Respondents that if they did not intend to raise exhaustion as an affirmative defense they must notify the Court.  Rather than address the procedural default issue with

respect to the evaluation claim, Respondents argued in the Pre-Answer Response that Claim One is not cognizable in a habeas proceeding because Applicant made only "fleeting references to due process."  Pre-Answer Resp. (Doc. No. 7) at 13.

Based on *Gray*, 518 U.S. at 166, addressing a claim "at some stage of federal proceedings," obligates the defendant to raise a procedural default as a defense or lose the right to assert the defense thereafter.  Even though Respondents did not raise the exhaustion defense during the pre-answer portion of this action, they did not explicitly waive the defense.

The "best procedure is to plead an affirmative defense in an answer or amended answer."  *See Ahmad v. Furlong*, 435 F.3d 1196, 1202 (10th Cir. 2006) (finding defendants were not necessarily barred from raising a qualified immunity defense in their motion for summary judgment).  A constructive amendment is allowed if there is no prejudice to the opposing party and the amendment is not unduly delayed, done in bad faith or with a dilatory motive.  *Id.* Here, Respondents' procedural default claim clearly was presented in the Answer, and Applicant had sufficient time to address the affirmative defense in his Reply to the Answer.  There is no evidence of prejudice to Applicant or of undue delay, bad faith, of dilatory motive by Respondents. Respondents, therefore, are not barred from raising the exhaustion affirmative defense in their Answer with respect to the evaluation claim.

Pursuant to Colo. R. Crim. P. 35(a) and (b) a motion for a sentence imposed in an illegal manner and for a reduction of sentence must be filed with the court in 120

days.  The only exception to the time limitation is when a sentence is not authorized by

law, is imposed without jurisdiction, or is sought by a court initiative.  *See* Rule 35(a)

and (b).  Applicant clearly did not file a timely postconviction motion under Rule 35(a)

or (b).  Applicant was sentenced on June 18, 2004.  The first motion requesting

reconsideration of Applicant's sentence was filed November 3, 2008, over four years

subsequent to his sentencing.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus

may not be granted unless it appears that the applicant has exhausted state remedies

or that no adequate state remedies are available or effective to protect the applicant's

rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State*

*Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is

satisfied once the federal claim has been presented fairly to the state courts.  *See*

*Castille v. People*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal

issue be presented properly "to the highest state court, either by direct review of the

conviction or in a postconviction attack."  *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been

presented to the state courts in order to satisfy the fair presentation requirement.  *Picard*

*v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252

(10th Cir. 1989).  Although fair presentation does not require a habeas corpus petitioner

to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal

quotation marks omitted), "[i]t is not enough that all the facts necessary to support the

13

federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

"The exhaustion requirement is not one to be overlooked lightly."  *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Furthermore, unexhausted habeas claims are precluded from federal habeas review when the claims have been defaulted in state court on an independent and adequate state procedural ground.  *Steele v. Young*, 11 F.3d 1518, 1521 (10th Cir. 1993) (citations omitted).  "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision . . . .  For the state ground to be adequate, it must be strictly or regularly followed and applied evenhandedly to all similar claims."  *See Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998) (internal quotations and citations omitted).  Also, if it is obvious that an unexhausted claim would be procedurally defaulted in state court the claim is held procedurally barred from federal habeas review.  *Steele*, 11 F.3d at 1524 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Harris v. Reed*, 489 U.S. 255, 269-70 (1989)).

A claim found to be untimely under Rule 35(b) is procedurally barred from federal habeas review unless an applicant can demonstrate cause and prejudice or a

14

fundamental miscarriage of justice.  *See Childs v. Zavaras*, 208 F.3d 225, *3 (10th Cir. Feb. 23, 2000) (unpublished) (citing *Coleman*, 501 U.S. at 750).  Likewise, an untimely Rule 35(a) motion would be procedurally barred.

A procedural default may be "excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice."  *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998).  Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns.  *See Coleman*, 501 U.S. at 730. Applicant's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice.  *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Applicant must show "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" and have "presented to the state courts as an independent claim before it may be used to establish cause for a procedural default."  *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986).  "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]."  *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted).  Ineffective assistance of counsel may establish cause excusing a procedural default.  *Jackson v. Shanks*, 143 F.3d at 1319.

A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496.  A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  In order to demonstrate a fundamental miscarriage of justice, Applicant first must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Id.*  Applicant then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327.

Construing his Application liberally, Applicant does not argue any basis for finding cause and prejudice or a fundamental miscarriage of justice.  Applicant, therefore, fails to show that a factor external to the defense impeded counsel's ability to comply with the state's procedural rule and was presented as an independent claim.  He also fails to present any new reliable evidence that demonstrates he is actually innocent.  As a result, both claims are barred from federal habeas review.

With respect to his evaluation claim, Applicant has failed to establish that the CCA's decision is contrary to, or an unreasonable application of, established Supreme Court precedent.

Even if the Court were to find Applicant's claims were properly exhausted, nothing he asserts supports a due process claim.  "[F]ederal habeas review does not

extend to the correction of purely state law procedural errors that do not rise to the level of a constitutional due process violation." *See Shipley v. Oklahoma*, 313 F.3d 1249, 1251 (10th Cir. 2002). An applicant may be entitled to habeas relief if he shows an alleged violation of state law resulted in a denial of due process. *See Aycox*, 196 F.3d at 1179-80 (citing *Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980). "[T]he deprivation occasioned by the state's failure to follow its own law must be arbitrary in the constitutional sense; that is, it must shock the judicial conscience." *Aycox*, 196 F.3d at 1180 (internal quotation marks omitted); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (suggesting that only "in rare circumstances," a determination of state law can be "so arbitrary or capricious as to constitute an independent due process . . . violation").

Reviewing the due process claim *de novo* under *Gipson*, 376 F.3d at 1196, the Court finds that Applicant has not demonstrated that the DOC's failure to conduct an evaluation pursuant to § 13-1.3-406(1)(a) resulted in a denial of due process. He provides no legal authority in support of this conclusory statement. He has failed to demonstrate that he was convicted or sentenced in violation of his due process rights.

Applicant also fails to demonstrate he was convicted and sentenced in violation of his equal protection rights. No United States Supreme Court decision has held, as Applicant contends, that a state court's erroneous application of a state criminal law results in a violation of a criminal defendant's equal protection rights. *See Cummings v. Sirmons*, 506 F.3d 1211, 1237 (10th Cir. 2007).

17

2.   Sentence Enhancements

With respect to Applicant's sentence enhancement claim, the CCA found as

follows:

> In a separate sentencing claim, Hamlin argued that the sentence enhancements for extraordinary risk crimes and crimes of violence can only be applied to a principal, and not a complicitor.  The district court summarily denied this claim.
>
> Having been found guilty of second degree assault as a complicitor, Hamlin was legally accountable as principal.  *See* § 18-1-603, C.R.S. 2009; *People v. Thompson*, 655 P.2d 416, 418 (Colo. 1982) ("Complicity is not a separate and distinct crime or offense . . . .  It is merely a theory by which a defendant becomes accountable for a criminal offense committed by another.").
>
> Accordingly, we see no error.  *See Venzor*, 121 P.3d at 262.

*Hamlin*, No. 09CA1836, at 4.

First, under *Griffin v. United States*, 502 U.S. 46, 56 (1991), an applicant's

conviction is constitutional if the evidence was sufficient to establish guilt either as a

principal or a complicitor.  Any claim of inconsistency that Applicant raises regarding

the verdict and complicity liability, therefore, lacks merit.  Furthermore, Applicant's self-

serving statement that the only reason he was found guilty was "because the witness

lied on the stand claiming that [he] shot him," *see* Application at 9, does not support a

lack of sufficient evidence to establish guilt as a complicitor.

Furthermore, to the extent that Applicant claims a double jeopardy violation,

the Double Jeopardy Clause of the Fifth Amendment "protects against multiple

punishments for the same offense."  *Missouri v. Hunter,* 459 U.S. 359, 365 (1983).

18

Courts invoke the so-called *Blockburger* test to determine whether the multiple punishments component of the Double Jeopardy Clause has been violated, asking whether, when a defendant is convicted under two separate statutes for the same conduct, conviction under the respective statutes "requires proof of a fact which the other does not."  *Blockburger v. United States,* 284 U.S. 299, 304 (1932).  If each crime does contain an element not contained in the other, the Double Jeopardy Clause is not offended.  *Blockburger* is not a constitutional rule, however: legislatures may "specifically authorize[ ] cumulative punishment under two statutes, regardless of whether those two statutes proscribe the 'same' conduct under *Blockburger*, "in which case "the trial court or jury may impose cumulative punishment under such statutes in a single trial."  *Hunter,* 459 U.S. at 368-69.  In other words, the *Blockburger* test is merely a rule of statutory construction for detecting double jeopardy violations, one that is overcome when "the legislature intended that punishments for violations of the statutes be cumulative."  *Id.* at 368.

Nothing Applicant has asserted supports a finding that a crime of violence and extraordinary risk sentence enhancers are double jeopardy violations.

With respect to his enhancement claims, Applicant has failed to establish that the CCA's decision is contrary to, or an unreasonable application of, established Supreme Court precedent.

The Court, therefore, denies Claim One in part as procedurally defaulted and in part for failure to assert a claim for federal habeas relief.

**B.    CLAIM SIX**

In Claim Six, Applicant asserts that the complicity jury instruction was erroneous because the prosecution's case rested solely on complicity liability.  Application at 19. Relying on *Bogdanov v. People*, 941 P.2d 247 (Colo.), *opinion amended by*, 955 P.2d 997 (Colo. 1997), Applicant argues that it is error to include the "all or part of" language in a complicity instruction when the "defendant being charged with the underlined [sic] crime under a complicity theory did not actually commit any of the essential elements of the crime and where one principal alone committed all the elements of the crime . . . ." *Id.*  Applicant further contends that the "all or part" language violated his due process rights because it allowed the jury to convict him of second degree assault regardless of whether the jury believed the principal failed to commit all of the crime himself or Applicant had only a limited knowledge that the principal intended to commit part of the crime.  *Id.*  Applicant concludes that under *Bogdanov* the trial court committed plain error because the prosecution's case was based only on complicity liability and any inclusion of the "all or part" language in the complicity instructions violated his state and federal right to due process.  *Id.*

In his Reply, Applicant further asserts that the "all or part" language is only okay to use if there are more than two people committing the elements of the crime and inclusion of the language when there are only two persons involved is a violation of a defendant's due process rights.

The jury was given the following instruction concerning complicitor liability:

A person is guilty of an offense committed by another person if he is a complicitor.  To be guilty as a complicitor, the following must be established beyond a reasonable doubt:

1.   A crime must have been committed.

2.   Another person must have committed *all or part* of the crime.

3.   The defendant must have had knowledge that the other person intended to commit *all or part* of the crime.

4.   The defendant must have had the intent to promote or facilitate the commission of the crime.

5.   The defendant must have aided, abetted, advised, or encouraged the other person in the commission or planning of the crime.

Answer, Ex. J at 14 (emphasis added).  Applicant's trial counsel did not object to the

complicitor jury instruction.  Case No. 01CR1377, Trial Tr., (4/2/04 p.m.) at 2 (listed on

CD as Trial to Jury 3-29-04, 9/16/2011 10:33 AM).

Regarding Claim Six, the CCA ruled as follows:

IV.  Remaining Contentions

We address and reject defendant's remaining contentions as follows:

The "all or part" language in the complicity instruction was superfluous and therefore erroneous.  But it did not rise to the level of plain error because it did not relieve the jury from finding all of the required elements.  *See People v. Williams*, 23 P.3d 1229, 1233 (Colo. App. 2000); *People v. Osborne*, 973 P.2d 666, 669-70 (Colo. App. 1998).

*People v. Hamlin*, No. 04CA1503, 7 (Colo. App. Mar. 6, 2008).

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship,* 397 U.S. 358, 364 (1970).  However, not every "ambiguity, inconsistency, or deficiency" in a jury instruction renders the instruction constitutionally infirm. *Middleton v. McNeil,* 541 U.S. 433, 437 (2004).

It is not "the province of a federal habeas court to reexamine state-court determinations on state law questions." *Estelle v. McGuire,* 502 U.S. 62, 68 (1991). As a preliminary matter, "errors in jury instructions in a state criminal trial are not reviewable in federal habeas corpus proceedings, unless they are so fundamentally unfair as to deprive petitioner of a fair trial and to due process of law. " *Nguyen v. Reynolds*, 131 F.3d 1340, 1357 (10th Cir. 1997) (internal quotation marks and citations omitted).

Moreover, due to counsel's failure to object in this case, the court is restricted to plain error review. *Hunter v. State of New Mexico,* 916 F.2d 595, 598 (10th Cir. 1990); *see also* Fed. R. Crim. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention.").  Even if the alleged error committed by the trial court was a constitutional one, Applicant has not demonstrated that the error had "a substantial and injurious effect in determining the jury's verdict," as required under the plain error standard of review.  *See Brecht v. Abrahamson,* 507 U.S. 619, 637-38 (1993).  To obtain relief, a habeas application must demonstrate that the erroneous instruction "by itself so infected the entire trial that the

resulting conviction violates due process." *Henderson v. Kibble,* 431 U.S. 145, 154 (1977).

In *Bogdanov*, the CSC differentiated between those cases where two or more persons conspire to commit a crime by each performing an element of the offense and those cases where two persons conspire to commit a crime and one of the two commits all of the elements and the other does not commit any of the elements.  The CSC found that where one person commits all of the elements the inclusion of the "all or part of" language in the instruction is an error.  *Bogdanov*, 941 P.2d at 256.

The CSC also determined that the complicity instruction does not create a structural defect.  As the United States Supreme Court explained in *Arizona v. Fulminante,* 499 U.S. 279 (1991), a structural error is an error that affects "the framework within which the trial proceeds, rather than simply an error in the trial process itself." *Id.* at 310.  The Supreme Court has found the complete denial of counsel during a criminal trial, *see Gideon v. Wainwright,* 372 U.S. 335 (1963), and the presiding of an impartial judge, *see Turney v. State of Ohio,* 273 U.S. 510 (1927), to be structural errors that affect "[t]he entire conduct of the trial from beginning to end." *Fulminante,* 499 U .S. at 309.  "These are structural defects in the constitution of the trial mechanism, which defy analysis by harmless error standards." *Id.* at 309 (internal quotation marks omitted).  Applicant's erroneous jury instruction is not a structural error.

Applicant is not entitled to federal habeas relief on this claim.  First, Applicant raises this limiting instruction issue solely as a violation of a Colorado statute.  "[F]ederal

habeas relief does not lie for errors of state law." *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990). Second, even if the Court were to consider the alleged erroneous instruction, separate from the "all or part" language the jury was instructed to find whether the other person intended to commit the underlying offense and intended to cause injury to the victim and if Applicant had the intent to promote or facilitate the crime and either aid, abet, advise, or encourage the other person to commit the crime. The jury found Applicant guilty of each of these elements. Accordingly, the trial court's inclusion of the "all or part" language in the complicity instructions did not deprive Applicant of due process or a fair trial. Applicant has failed to demonstrate that the erroneous instruction by itself so infected the entire trial that the resulting conviction violates due process.

The CCA's decision is not contrary to, or an unreasonable application of, established Supreme Court precedent. Claim Six fails to assert a claim for federal habeas relief and is denied for lack of merit.

## V.  ORDERS

Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, Doc. No. 1, is DISMISSED WITH PREJUDICE. It is

FURTHER ORDERED that a certificate of appealability shall not issue because Applicant has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED at Denver, Colorado, this ___31st___ day of July, 2012.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge